## CIRCUIT COURT OF THE CITY OF RICHMOND

William A. Carneal,
Adm'r of the Estate of
Dorothy Cannon Whitlock,
deceased

v.

Sabrina J. Robinson

November 19, 1996

Case No. LB-395-3

BY JUDGE RANDALL G. JOHNSON

The court took under advisement the question of whether Mr. Cannon can be reimbursed in this proceeding for payment of the funeral bill for Ms. Whitlock. After reviewing the relevant statutes, I conclude that reimbursement is proper.

Virginia Code § 8.01-55 deals with compromises of actions for wrongful death. The second paragraph of that section, after prescribing the manner by which the court is to distribute the funds among "parties in interest," provides:

> In other respects, what is received by the personal representative under the compromise shall be treated as if recovered by him in an action under § 8.01-52.

The court does not believe that Mr. Cannon is a "party in interest" as that term is used in the above statute; that is, he is not a beneficiary of the decedent, and he is not a defendant to the action. Section 8.01-52, however, provides:

> The jury or the court, as the case may be, in any such action under § 8.01-50 may award such damages as to it may seem fair and just. The verdict or judgment of the court trying the case without a jury shall include, but may not be limited to, damages for the following . . . .

4. Reasonable funeral expenses . . . .

Damages recoverable under 3, 4 and 5 above shall be specifically stated by the jury or the court, as the case may be. Damages recoverable under 3 and 4 above shall be apportioned among the creditors who rendered such services, as their respective interests may appear.

From the above, the court concludes that it has the authority, if not the duty, to specifically state what amount of a wrongful death compromise is to be allocated to funeral expenses. The court also concludes that Mr. Cannon, having paid the funeral bill, is now subrogated to the rights of the funeral service provider. Since Mr. Carneal has not challenged the authenticity or reasonableness of the funeral bill, Mr. Cannon shall be reimbursed for it.